## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASYLUMWORKS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD F. WOLF, in his official capacity as the purported Acting Secretary of Homeland Security, *et al.*, <br><br> Defendants. | No. 2020-cv-03815-BAH |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Per Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs file this Memorandum in Support of their Motion for Leave to File an Amended Complaint.  Per Local Civil Rule 15.1, a copy of Plaintiffs' First Amended Complaint is attached to this Memorandum as Exhibit A, with a redline over the prior pleading provided as Exhibit B, and a copy of the proposed order as Exhibit C.  Plaintiffs have conferred with Defendants, who have stated that they take no position on this motion.

## I.      INTRODUCTION

Plaintiffs are migrants seeking asylum in the United States and organizations that represent the interests of many more asylum-seekers, all of whom have had their ability to secure employment authorization documents ("EADs") drastically curtailed by two rules (the "Rules"), preventing them from earning an income or securing government identification while they wait to have their asylum applications adjudicated.  The Rules eviscerate the system that asylum applicants rely on to obtain work authorization by complicating and delaying access to EADs. For example, one portion of the Rules requires asylum applicants to wait, at minimum, a full

year before being granted an EAD, while other provisions impose outright denial of work authorization for the duration of an applicant's asylum case, which is often years.

On December 23, 2020, Plaintiffs filed suit seeking to vacate the Rules on grounds that, *inter alia*, (i) they are arbitrary and capricious and contrary to the Immigration and Nationality Act in violation of the Administrative Procedure Act and (ii) Defendant Chad Wolf was not validly serving as Acting DHS Secretary under the Homeland Security Act, Federal Vacancies Reform Act, and the Appointments Clause of the Constitution and therefore lacked the authority to issue the Rules or to delegate that authority to Defendant Chad Mizelle. Plaintiffs now seek the Court's leave to amend their Complaint to make the following changes:

1. Correct a scrivener's error through which Plaintiff U.O. was left off of the caption;

2. Drop G.O.T. as a plaintiff;

3. Add five new plaintiffs, each of whom have experienced harm from the Rules of a different type than the existing individual Plaintiffs;

4. Address events that occurred since the filing of the Complaint that bear on the Plaintiffs' claims, including Mr. Wolf's resignation as Acting Secretary of Homeland Security, Mr. Gaynor's purported assumption of that role and delegation to Mr. Wolf of power to ratify his prior his actions, Mr. Wolf's subsequent attempt to ratify the Rules in January of this year, and the appointment of Defendant Alejandro Mayorkas as Secretary of the Department of Homeland Security. Intervening changes to the status of other Defendants and Plaintiffs are also noted to bring the pleading current, Ex. A, ¶¶ 15-16, 26, 28, 34-35, 326-334, and;

5. Make non-substantive typographical corrections.

This litigation is only at its initial stages—Defendants have not filed an answer and no discovery has been taken.  This amendment is brought in good faith, without any undue delay, asserting the same causes of action as in the prior Complaint on the basis of the same alleged

conduct. Defendants cannot allege any prejudice that would result from permitting this filing. Permitting the amendment and supplementation clarifies the claims, promotes efficiency, and avoids the need for another lawsuit to address the claims of the proposed new plaintiffs. The Court should therefore grant leave to amend the Complaint.

## II.    FACTUAL BACKGROUND

### A.    The Amendment Does Not Alter the Causes of Action

Plaintiffs' proposed amendment maintains the same six causes of action as the existing Complaint, though it asserts them on behalf of four more plaintiffs than the Complaint (dropping one plaintiff and adding five others). The addition of the new plaintiffs does not materially alter the scope of the case to be litigated, however, because Defendants would have had to litigate each substantive provision of the Rules as they related to injuries to organizational plaintiffs, and adding additional individual plaintiffs would not increase the scope of this case.

### B.    The Amendment Addresses Intervening Changes in Party Status

Plaintiffs' proposed Amended Complaint also brings the pleading current to address intervening events occurring since the Complaint was filed.  Specifically, the Amended Complaint relates the appointment of Alejandro Mayorkas as Secretary of the Department of Homeland Security and the replacement of Chad Mizelle with Joseph B. Maher as Acting General Counsel. The Amended Complaint also addresses Mr. Wolf's attempt to ratify the rules in January of this year, prior to the date Mr. Mayorkas assumed office but after the filing of the original complaint, and explains why no valid ratification took place. Ex. A, ¶¶ 34-35, 326-334.

Similarly, the proposed pleading updates the status of several Plaintiffs, noting, for example, that:

- Plaintiff D.M.C.'s I-589 has now been pending for 150 days (Ex. A, ¶ 15);
- Plaintiff K.N.E. received a receipt notice for her employment authorization application (Ex. A, ¶ 16);
- Plaintiff J.H.C. will register for membership in ASAP now that the age threshold has been lowered to 14 (Ex. A, ¶ 26); and

3

- Plaintiff M.L.V. has applied for an EAD relying on his legal guardian's ASAP
  membership, but has not yet received confirmation of receipt of that application
  (Ex. A, ¶ 28).

## III.    LEGAL STANDARD

Rule 15 "declares that leave to amend 'shall be freely given when justice so requires';
this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Motions under Rule
15(a) and motions to supplement under Rule 15(d) are subject to the same standard.  *Xingru Lin
v. District of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016).[1]  Courts employ "a strong liberality in
allowing amendments."  *Kas v. Fin. Gen. Bankshares, Inc.,* 105 F.R.D. 453, 457 (D.D.C. 1984).

Leave to amend should be freely given "as the rules require" unless there has been
"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182.

The burden of "showing why leave to file an amended complaint should not be granted"
falls on the party opposing the motion.  *Mead v. City First Bank of DC, N.A.*, 256 F.R.D. 6, 7
(D.D.C. 2009); *see also Connecticut v. U.S. Dep't of Interior*, 363 F. Supp. 3d 45, 54 (D.D.C.
2019). "In this Circuit, it is an abuse of discretion to deny leave to amend unless there is
sufficient reason." *Jackson v. Teamsters Local Union 922*, 991 F. Supp. 2d 64, 67 (D.D.C.
2013) (quotations and citation omitted).

## IV.    ARGUMENT

Under the applicable Rule 15 standard, there is no basis to oppose or deny the filing of
Plaintiffs' proposed Amended Complaint.  This case is just commencing.  Defendants have yet to
respond to the existing Complaint, and Plaintiffs have stipulated to extend Defendants' time to

---

[1] "[N]ew allegations relating to matters that occurred prior to the filing of the original pleading
constitute amendments, whereas new allegations relating to matters that occurred after filing
constitute supplements." *Xingru*, 319 F.RD. at 1 (citing *Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C.
Cir. 2006)).

4

do so to allow for the filing of the proposed Amended Complaint.  The amendment adds no new claims, imposes no new meaningful discovery obligations, and creates no delay.  Accordingly, Defendants face no cognizable prejudice.  Under Rule 15, amendments such as this are to be "freely given."

### A.    The Amendment Is Timely and the Case in Its Infancy

Plaintiffs' proposed amendment comes less than three months after the Complaint was filed, before Defendants have filed their answer, and before discovery has started.  Plaintiffs stipulated with Defendants to continue Defendants' response deadline so that Defendants need only respond once.  As such, there is no cognizable prejudice to Defendants by permitting this amendment, much less any "undue prejudice" that might militate against granting leave.

Courts in this District routinely give leave to amend pleadings when a case "is in its infancy" such as is the case here, as the other side cannot show "they will be prejudiced" by the timing of the amendment.  *E.g.*, *Connecticut v. U.S. Dep't of Interior*, 363 F. Supp. 3d 45, 55 (D.D.C. 2019) (declining to find prejudice in motion to amend filed less than a year after original complaint).  This strongly favors granting leave here.

### B.    The Amendment Results in No Delay or Increased Discovery Burden

Plaintiffs' proposed amendment adds no new claims based on those actions that would implicate any new discovery or affect any delay or change in the schedule (which has not even been set for this case).  Where, as here "the proponent of the amendment establishes that the [amendment] would not 'unduly increase discovery or delay the trial, and when the opponent could not claim surprise, . . . the amendment should be allowed."  *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (quote omitted).  Courts in this District regularly grant leave to amend even when "additional discovery is required."  *Kas*, 105 F.R.D. at 458.  But this amendment does not add any substantial litigation burden on Defendants over the original Complaint.  This also strongly favors granting leave.

### C.    The Amendment Does Not Substantially Add or Change Legal Theories

An amendment should be allowed where it "does not substantially change the theory on which the case is proceeding." *Djourabchi v. Self*, 240 F.R.D. at 13.  Amendments "that do not radically alter the scope and nature of the action . . . are especially favored." *Connecticut*, 363 F. Supp. 3d at 54 (quote omitted). Here, the proposed amendment does not substantially change Plaintiffs' theory of the case or the scope and nature of the action.

### D.     Addressing the Claims of the Proposed New Plaintiffs and Supplemental Post-Filing Facts Promotes Efficiency

While the proposed new plaintiffs to be added by amendment could file a separate lawsuit addressing the same claims against Defendants, doing so would be highly inefficient for the Court and the parties. Having the new plaintiffs proceed under a separate caption and case number, only to then likely be consolidated into this case, would be make-work for all involved. Furthermore, the adding the new individual plaintiffs to this matter will do nothing to increase the burden on Defendants, because the existing Organizational Plaintiffs already had standing to challenge all aspects of the Rules addressed by the proposed amended complaint. The proposed amendment will further clarify the challenges and make their application more concrete with specific individual examples. Two aspects of the Rules—the finality provision and the entry without inspection provision—did not directly affect any of the original Individual Plaintiffs, but the proposed amended complaint would add individuals as plaintiffs directly affected by those provisions. Ex. A, ¶¶ 22-25, 32.

Finally, forcing the post-filing facts into another proceeding would be highly inefficient. In this District, "leave to file a supplemental pleading should be freely permitted when [as here] the supplemental facts connect it to the original pleading." *Aftergood v. C.I.A.*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002) (quotation and citation omitted).

### E.     There Is No Other Basis on Which to Deny Amendment

There can be no question that the present amendment is sought in good faith, without dilatory or other bad faith motive. *Cf. Foman*, 371 U.S. at 182 (listing circumstances that may warrant withholding leave).  Nor have Plaintiffs engaged in "repeated failure to cure

deficiencies," nor do they pose with this amendment any prejudice to Defendants, much less "undue" prejudice.  *Cf. id*.  Nor does the present amendment attempt to address the Challenged Actions by adding any claim (much less one that is futile), nor modify any claim so as to render it now futile.  *Cf. id*.

**V.      CONCLUSION**

For the foregoing reasons, the Court should grant leave for Plaintiffs to file their proposed First Amended Complaint as reflected in the attached Exhibit A.

Dated:  March 22, 2021                          Respectfully submitted,

                                        By:   */s/ Keren Zwick*
                                        _____

Tyler Whitmer (D.C. Bar No. 1618676)          Keren Zwick (D.D.C. Bar. No. IL0055)
Deepa Acharya (D.C. Bar No. 996412)           Mark Fleming*
Carl Spilly (D.C. Bar No. 230830)             Gianna Borroto*
Brian McGrail (D.C. Bar No. 1672349)          Drew Heckman
QUINN EMANUEL URQUHART &                       NATIONAL IMMIGRANT JUSTICE CENTER
SULLIVAN, LLP                                  224 S. Michigan Ave., Suite 600
1300 I St. NW, Suite 900                       Chicago, IL 60604
Washington, DC 20005                           312-660-1370
202-538-8000                                   kzwick@heartlandalliance.org
tylerwhitmer@quinnemanuel.com                  mfleming@heartlandalliance.org
deepaacharya@quinnemanuel.com                  gborroto@heartlandalliance.org
carlspilly@quinnemanuel.com                    dheckman@heartlandalliance.org
brianmcgrail@quinnemanuel.com

Nicholas A. S. Hoy                             Jamie Crook (D.C. Bar No. 1002504)
QUINN EMANUEL URQUHART &                       Annie Daher
SULLIVAN, LLP                                  CENTER FOR GENDER & REFUGEE STUDIES
51 Madison Ave., 22nd Floor                    200 McAllister St.
New York, NY 10010                             San Francisco, CA 94102
212-849-7000                                   415-565-4877
nicholashoy@quinnemanuel.com                   crookjamie@uchastings.edu
                                               daherannie@uchastings.edu

Julie Carpenter (D.C. Bar No. 418768)***       Scott Shuchart (D.C. Bar No. 1531377)**
Richard Caldarone***                           KIDS IN NEED OF DEFENSE
TAHIRIH JUSTICE CENTER                         1201 L St., NW, Floor 2
6400 Arlington Blvd., Suite 400                Washington, DC 20005
Falls Church, VA 22042                         202-318-0595
571-282-6161                                   sshuchart@supportkind.org
richardc@tahirih.org
juliec@tahirih.org                             Wendy Wylegala**
                                               KIDS IN NEED OF DEFENSE
                                               252 West 37th Street, Floor 15
*Certification to practice pursuant to*        New York, NY 10018
*LCvR 83.2(g) to be submitted*                 646-970-2913
                                               wwylegala@supportkind.org
*** Counsel for Individual Plaintiffs only*

**** Counsel for Tahirih Justice Center*       *Counsel for Plaintiffs*
*only*

8

## CERTIFICATE OF SERVICE

I hereby certify on or after March 22, 2021, that once deemed filed, I will cause a copy of this motion, supporting exhibits (under seal) and proposed order to be served on the following, together with the summons and complaint. Service will be completed in person to:

Michael R. Sherwin
United States Attorney for the District of Columbia
United States Attorney's Office
501 3rd St. NW, 4th Floor
Washington, DC 20001

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

*/s/ Keren Zwick*
Keren Zwick (D.D.C. Bar. No. IL0055)
NATIONAL IMMIGRANT JUSTICE CENTER
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
kzwick@heartlandalliance.org