UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASYLUMWORKS, *et al.*,<br><br>　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, Secretary,<br>U.S. Department of Homeland Security, *et al.*,<br><br>　　　　　　*Defendants*. | Civil Action No. 20-3815 (BAH) |

## MOTION TO STAY

Defendants respectfully move to stay this case given developing administrative actions and parallel judicial proceedings that may moot or reshape Plaintiff's claims and, in the near term, inform the appropriate pace of proceedings in this case. In support of this motion, Defendants state as follows:

1.	Plaintiffs filed this action on December 23, 2020, ECF No. 1, and service was made on January 12, 2021, ECF No. 7. Plaintiffs challenge two rules promulgated by the Department of Homeland Security in June 2020 related to employment authorization for asylum seekers. The first rule removed a provision requiring U.S. Citizenship and Immigration Services to grant or deny an application for employment authorization within 30 days. 85 Fed. Reg. 37,502 ("Timeline Repeal Rule"). The second rule modified regulations governing asylums applicants' eligibility for employment authorization in a number of different ways. 85 Fed. Reg. 38,532 ("Broader EAD Rule").

2.	After counsel for Plaintiffs informed counsel for Defendants that they intended to amend their complaint, Defendants sought and obtained an extension of their answer deadline to allow time for Plaintiffs to file the motion to amend. ECF No. 9; Min. Order (Mar. 12, 2021). Plaintiffs' filed their unopposed motion to amend on March 22, 2021, ECF No. 10, and the Court

granted it by minute order on March 23, 2021. Defendants then obtained two additional extensions of the answer deadline while the parties discussed a possible schedule for further proceedings. The parties have been unable to reach an agreement on a proposed schedule.

3. Defendants submit that this case should be stayed for the time being in the interest of economy. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936), and a party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if . . . convenience will thereby be promoted," *id.* at 256.

4. Several factors, independently and collectively, support a stay here. First, as previously reported, ECF No. 9 at 2, the two rules being challenged by Plaintiffs are under review for inclusion in the 90-day process set out in section 3(b) of Executive Order 14,012, "Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans," 86 Fed. Reg. 8,277 (Feb. 2, 2021). That provision requires the Secretary of Homeland Security to submit to the President by May 3, 2021, a plan describing the steps the Department will take to advance the administration's immigration policies. *Id.* Under section 3(c) of the Executive Order, the Department will then have 180 days to report to the President on its progress towards implementing that plan. *Id.*

5. Second, as Plaintiffs acknowledge in their amended complaint, Am. Compl. at 5 n.2, the two rules at issue in this case are currently the subject of a limited preliminary injunction in *CASA de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 973–74 (D. Md. 2020). Both the government and the plaintiffs in that case have voluntarily dismissed their appeals of the preliminary injunction. The order enjoins the Timeline Repeal Rule and certain provisions of the

Broader EAD Rules for all members of the two organizational plaintiffs in that case (which membership includes many of the plaintiffs in this case, Am. Compl. at 5 n.2). On April 20, 2021, plaintiffs in the *CASA de Maryland* case moved, as an alternative to summary judgment, to expand the scope of the preliminary injunction to apply uniformly. *CASA de Md., Inc. v. Mayorkas*, No. 20-2118, ECF No. 107-1 at 17–21 (D.Md. Apr. 20, 2021). The government intends to oppose the motion. In the event that motion is granted, however, it would appear to provide the Plaintiffs in this case interim relief, which would further counsel in favor of a stay pending ongoing administrative actions regarding the challenged rules.

6. Third, relevant components of the Department of Justice and the Department of Homeland Security have recently come under new political leadership as a result of the change in administration and ongoing confirmation process for appointees. Additional time is required to brief new leadership on the issues underlying this case, which may result in decision-making that significantly changes how those issues are presented and briefed.

7. For these reasons, Defendants respectfully submit that a stay of these proceedings will serve the interests of judicial and party economy. Defendants propose that the Court enter a stay and order the parties to submit a joint status report in 60 days setting forth their positions on whether the stay should be lifted at that time and, if so, proposing a schedule for further proceedings.

8. Counsel for Defendants has conferred with counsel for Plaintiffs, and Plaintiffs oppose the requested stay. Defendants understand that Plaintiffs believe that the case should proceed under the following briefing schedule, with briefing limited to counts three through six of their amended complaint:

    Plaintiffs' motion for summary judgment: May 7, 2021

    Defendants' opposition to Plaintiffs' motion and cross-motion: May 21, 2021

    Plaintiffs' opposition and reply: May 27, 2021

    Defendants' reply: June 13, 2021.

Plaintiffs have proposed that each of Plaintiffs briefs be limited to 45 pages and that Defendants be permitted 65 pages for their opening brief and 25 pages for their reply.

    9.    This schedule is untenably rushed for Defendants. As Plaintiffs acknowledge by proposing that the parties be permitted to exceed the local rule's page limitations, the issues to be briefed in connection with counts three through six are multifaceted and complex. Further, because of the programmatic impact and import of the outcome of those arguments, Defendants' brief will have to undergo review at multiple levels and offices within the Department of Justice and Department of Homeland Security. Defendants will therefore require at least 45 days from the filing of Plaintiffs' opening brief to file their own opening brief of up to 65 pages and at least 30 days to file their reply. Such a schedule would also be more equitable, as Plaintiffs (who have not sought expedited interim relief) will have had 135 days from the filing of their complaint and 45 days from the filing of their amended complaint (which contains the same claims) to submit their opening brief. A more measured pace is also warranted due to the same ongoing developments that Defendants believe counsel in favor of a stay.

    10.    Accordingly, in the event that the Court does not grant Defendants' requested stay, Defendants respectfully propose that the Court enter the following briefing schedule:

    Plaintiffs' motion for summary judgment: May 7, 2021

    Defendants' opposition to Plaintiffs' motion, cross-motion, answer, and administrative record: June 21, 2021

    Plaintiffs' opposition and reply: June 27, 2021

    Defendants' reply: July 27, 2021

Defendants do not object to the expanded page limitations proposed by Plaintiffs.

| | |
|---|---|
| Dated: April 22, 2021<br>       Washington, D.C. | Respectfully submitted,<br><br>CHANNING D. PHILLIPS, D.C. Bar #415793<br>Acting United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By:  /s/ Johnny Walker<br>JOHNNY H. WALKER, D.C. Bar #991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov<br><br>*Counsel for Defendants* |