UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ASYLUMWORKS, *et al.*,

        *Plaintiffs*,

v.

ALEJANDRO MAYORKAS, Secretary,
U.S. Department of Homeland Security, *et al.*,

        *Defendants*.

Civil Action No. 20-3815 (BAH)

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY

Since Plaintiffs filed their opposition to Defendants motion to stay, further administrative and judicial developments only further support the grounds for a stay and undermine Plaintiffs' arguments against one.

*First*, Plaintiffs complain that the "possibility for future change at a date uncertain and in an undefined manner is inadequate to meet the government's burden to justify a stay." Pls.' Opp. at 6. But the Department of Homeland Security has since provided further details about its plan. *See* Status Rep., *CASA de. Md., Inc. v. Mayorkas*, 20-2118 (D.Md. May 7, 2021), ECF No. 116. Specifically, the Department has now stated that it plans to engage in rulemaking related to the two rules challenged by Plaintiff—the "Timeline Repeal Rule" and the "Broader EAD Rule"— which may moot or reshape the claims in this case. *Id.* at 2. The Department plans to publish a notice of proposed rulemaking in December 2021 and anticipates that a final rule is likely to be published no earlier than June 2022. *Id.* at 2. This case should be stayed pending the outcome of those rulemaking proceedings.

*Second*, Plaintiffs contend that their motion for summary judgment can be efficiently briefed and is likely to succeed on the merits. Pls.' Opp. at 9–16. Plaintiffs proposed that their motion will be limited to the argument that Chad Wolf did not lawfully hold the position of Acting

Secretary of Homeland Security and therefore lacked authority to promulgate the two challenged

rules, an issue that has already been considered and decided by other courts. *Id.* But this Court will

be considering the argument in a significantly changed context. On May 4, 2021, the current

Secretary of Homeland Security, Alejandro Mayorkas, ratified the Timeline Repeal Rule, *see* Ex.

1, which Defendants contend resolves Plaintiffs' Homeland Security Act claim with respect to that

rule. *See Guedes v. ATF*, 920 F.3d 1, 13 (D.C. Cir. 2019) ("[A] properly appointed official's

ratification of an allegedly improper official's prior action, rather than mooting a claim, resolves

the claim on the merits by remedying the defect (if any) from the initial appointment) (internal

quotations omitted)). This very recent development obviously has not been briefed or decided in

prior litigation, and it undermines Plaintiffs' assurances of efficiency and likely success.

     *Finally*, Plaintiffs argue that they will suffer ongoing harm in the event of a stay. But one

of the grounds for the stay is the motion to expand the preliminary injunction in *CASA de*

*Maryland*, which, if granted, would appear to provide Plaintiffs in this case with interim relief and

thereby alleviate any claimed harm. Defs.' Mot. at 2–3. The government in *CASA de Maryland*

moved to stay briefing on the plaintiffs' alternative motion for summary judgment, while

proceeding with briefing on the motion to modify the injunction. *CASA de Md.*, ECF No. 109. The

court then ordered the government to provide the above-cited status report by today and for the

plaintiffs to respond by May 10, 2021. Ltr. Order*, CASA de Md.*, ECF No. 113. The court will hold

a status conference on the morning of May 14, 2021, and has stayed briefing on the pending

motions in the meantime, noting that it expects to set new briefing deadlines at the status

conference. *Id.* Defendants submit that, even if the Court is not inclined at this time to stay this

case pending the ongoing administrative rulemaking process, it should stay the case for a shorter

amount of time pending the outcome of the motion to expand the preliminary injunction in *CASA de Maryland*.

As an alternative, if the Court is not inclined to stay the case in light of either the ongoing administrative developments at the Department or the parallel proceedings in Maryland, it should at least enter Defendants' proposed briefing schedule over that of Plaintiffs. With their opposition to the motion for a stay, Plaintiffs have modified their proposed briefing schedule from what they originally presented to Defendants so as to permit both Plaintiffs and Defendants some additional time to file their respective briefs. *Compare* Def.'s Mot. at 4 *with* Pls.' Opp. at 16. While Defendants appreciate the effort to compromise, the proposed schedule remains untenably rushed for Defendants given the complexity of the issues and the degree of internal review and collaboration required within the Department of Justice and Department of Homeland Security, as well as undersigned counsel's busy litigation schedule. Considering those factors, Defendants will need at least 45 days to file their opening brief and at least 30 days to file their reply. Such a schedule, modified to include the additional week that Plaintiffs now seek for themselves, would be as follows:

Plaintiffs' motion for summary judgment: May 14, 2021

Defendants' opposition to Plaintiffs' motion, cross-motion, answer, and administrative record: June 28, 2021

Plaintiffs' opposition and reply: July 6, 2021

Defendants' reply: August 5, 2021

Defendants reiterate that this schedule is also in the interest of fairness. *See* Defs.' Mot. at 4. Plaintiffs—who are represented by thirteen attorneys from four organizations and one law firm—will themselves have had 142 days from the filing of their complaint and 52 days from the filing of their amended complaint (which contains the same claims as the initial complaint) to

submit their opening motion. Defendants—who are represented by undersigned counsel—should be permitted at least 45 days to submit their own their opening brief and 30 days to complete their reply. The additional 30 days that this will add to the briefing schedule will not overly prejudice Plaintiffs, who have not sought interim injunctive relief with a showing of irreparable harm.

For the foregoing reasons, and the reasons set forth in Defendants' opening paper, the motion to stay should be granted.

Dated:  May 7, 2021
       Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendants*