UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASYLUMWORKS, *et al.*, <br><br>       Plaintiffs, <br><br> v. <br><br> ALEJANDRO N. MAYORKAS, in his official capacity as the Secretary of Homeland Security, *et al.*, <br><br>       Defendants. | No. 2020-cv-03815-BAH |

**PLAINTIFFS' SURREPLY IN OPPOSITION
TO THE GOVERNMENT'S MOTION TO STAY**

Plaintiffs file this surreply to respond to the government's assertion in reply that a subsequent administrative development—Secretary Mayorkas' May 4, 2021, purported ratification of the Timeline Repeal Rule (the "Mayorkas Ratification") (Dkt. 19-1)—supports granting a stay. The Mayorkas Ratification neither adds any additional complexity to the litigation nor undermines Plaintiffs' likelihood of success. To the contrary, Plaintiffs' motion for partial summary judgment is ripe for adjudication, and the Mayorkas Ratification confirms this by demonstrating that the government is unlikely to reinstate the 30-day deadline to process employment authorization applications that existed prior to the Timeline Repeal Rule.

**I.     The Mayorkas Ratification Does Not Add Any Additional Complexity**

The government's suggestion that the Mayorkas Ratification raises issues that have "not been briefed … in prior litigation" and thus "undermines Plaintiffs' assurances of efficiency," Reply, Dkt. 19, at 2, is wrong. The Mayorkas Ratification does not add any additional complexity because Plaintiffs will argue that it is invalid for one of the same reasons that

1

Mr. Wolf's purported ratifications are invalid, namely that the Mayorkas Ratification violates the FVRA's prohibition on ratification. As Plaintiffs have explained, the FVRA provides that actions taken by officers in violation of the FVRA "may not be ratified." Opp., Dkt. 17, at 17 (quoting 5 U.S.C. § 3348(d)(2)). Because Mr. Wolf approved the Timeline Repeal Rule without authority, *see* 5 U.S.C. § 3348(d)(1), his unlawful approval of that Rule "may not be ratified," *id*. § 3348(d)(2), even by Secretary Mayorkas or another lawfully serving officer. It is the lawfulness of the service of the acting official who issued the rules, not the identity of the ratifier, that determines whether the FVRA's anti-ratification provision nullifies a purported ratification. The government's attempt to tether Plaintiffs' argument to the identity of the ratifier misses the point. *See* Reply at 1-2 (asserting that the Mayorkas Ratification "significantly changed [the] context" because "Plaintiffs proposed that their motion will be limited to the argument that Chad Wolf did not lawfully hold the position of Acting Secretary").

      Contrary to the government's suggestion, this Court can efficiently resolve whether the FVRA's anti-ratification provision nullifies the Mayorkas Ratification as a question of law against an uncontested factual backdrop. The interpretation of the FVRA is of course a question of law. And the only material facts necessary to determine whether the FVRA's anti-ratification provision applies are the facts that establish that Mr. Wolf was serving in violation of the FVRA and the HSA. The facts that establish that Mr. Wolf was serving in violation of the FVRA, namely the date at which the Office of the Secretary of Homeland Security became vacant and the length of Mr. Wolf's purported service, are uncontested. Similarly, as multiple courts have determined, the validity of Mr. Wolf's purported service under the HSA turns on the "plain meaning" and "plain text" of the DHS order of succession and the various purported amendments to it, not on any disputed questions of fact. *See, e.g.*, *Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 960 (D. Md. 2020); *Batalla Vidal v. Wolf*, 2020 WL 6695076, at *9

(E.D.N.Y. Nov. 14, 2020). Nor has the government identified any contested facts associated with the Mayorkas Ratification. Furthermore, the government has briefed the FVRA's anti-ratification provisions before, since it was the government itself that "resorted to the [FVRA] as a back-up theory." Opp. at 12 (quoting *Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 2021 WL 75756, at *4 (N.D. Cal. Jan. 8, 2021)).

II.     **The Mayorkas Ratification Does Not Undermine Plaintiffs' Likelihood Of Success**

The government's suggestion that the Mayorkas Ratification "undermines Plaintiffs' assurances of … likely success," Reply at 2, is as wrong as it is conclusory. Plaintiffs are likely to succeed on their argument that the FVRA's anti-ratification provision "renders Mr. Wolf's purported ratifications of the Rules invalid." Opp. at 13. And as explained *supra*, that argument applies equally to the Mayorkas Ratification. While the government asserts that the Mayorkas Ratification "resolves Plaintiffs' Homeland Security Act claim with respect to the [Timeline Repeal Rule]," Reply at 2, the government has not offered any argument as to why it is likely to succeed in arguing that the FVRA's anti-ratification provision does not nullify the Mayorkas Ratification. Indeed, the government says nothing at all about Plaintiffs' FVRA claim in its reply, apparently conceding that the Mayorkas Ratification is irrelevant to that claim.

Even if the Mayorkas Ratification undermined the likelihood of success on challenges to the Timeline Repeal Rule—it does not as stated above—the action by Secretary Mayorkas has no colorable relevance to the bulk of Plaintiffs' claims, which concern the broader EAD Rule, and the many illegal provisions that it contains. Secretary Mayorkas has not ratified that Rule, and instead has indicated an intention to revisit it, a process that will take a year or more. And the government has not offered any argument as to why it is likely to succeed in relation to the EAD Bar Rule.

3

III. **Plaintiffs' Motion Is Ripe For Adjudication**

Finally, Plaintiffs' motion for partial summary judgment is ripe for adjudication, and the government's suggestion to the contrary should be rejected. In its Reply, the government pointed to the "further details about its plan" that the government provided in *CASA de Maryland* as a basis to grant a stay. Reply at 1 (citing Status Rep., *CASA de. Md., Inc. v. Mayorkas*, 20-2118 (D. Md. May 7, 2021), Dkt. 116). But on May 11, 2021, the *CASA de Maryland* court observed that "[t]he Government has represented that the lion's share of the challenged rules will not be altered for at least another year." *CASA de. Md., Inc. v. Mayorkas*, 20-2118 (D. Md. May 7, 2021), Dkt. 118. Accordingly, that court determined that the *CASA de Maryland* "Plaintiffs' motion [is] ripe, and there is no need for further delay." *Id.*[1] The motion for partial summary judgment that Plaintiffs intend to bring in this case is equally ripe, and the government's request for a stay should accordingly be denied.

As for the Mayorkas Ratification, it in fact undermines the government's argument that the government's "plans to engage in rulemaking … may moot or reshape the claims in this case." Reply at 1. By ratifying the Timeline Repeal Rule, the government has endorsed a rule that "eliminate[d] any deadlines previously imposed on the agency to process EAD applications." *Casa de Maryland, Inc.*, 486 F. Supp. 3d at 938. Previously, USCIS was required to rule on an EAD application within thirty days of its filing. *See* 8 C.F.R. § 208.7(a)(1) (effective until Aug. 21, 2020); *Gonzalez Rosario v. USCIS*, 365 F. Supp. 3d 1156, 1163 (W.D.

---

[1] Notably, the *Casa de Maryland* court has ordered the government to respond to the plaintiffs' motion for summary judgment and to modify the preliminary injunction entered by the court in that case no later than June 1, 2021. *See id.* There is thus no good reason that the government cannot respond to Plaintiffs' motion for summary judgment shortly thereafter, as Plaintiffs propose. Plaintiffs remain prepared to move forward expeditiously; given the ongoing briefing on this stay motion, Plaintiffs request that the Court set the due date for Plaintiffs' motion for summary judgment one week from when the Court rules on the government's motion to stay and adjust remaining deadlines accordingly.

4

Wash. 2018). It would make little sense for the government to ratify the Timeline Repeal Rule if its ultimate intent is to restore that 30-day deadline. And as explained in the Opposition and Amended Complaint, the Timeline Repeal Rule is causing ongoing harm to Plaintiffs by making it more difficult for them to obtain EADs. *See* Opp. at 3-4; Am. Compl., Dkt. 12, ¶ 231.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to stay.

Dated:  May 12, 2021                                        Respectfully submitted,

                                                        By:    /s/ Keren Zwick

| | |
|---|---|
| Tyler Whitmer (D.C. Bar No. 1618676) | Keren Zwick (D.D.C. Bar. No. IL0055) |
| Deepa Acharya (D.C. Bar No. 996412) | Mark Fleming* |
| Carl Spilly (D.C. Bar No. 230830) | Drew Heckman |
| Brian McGrail (D.C. Bar No. 1672349) | NATIONAL IMMIGRANT JUSTICE CENTER |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 224 S. Michigan Ave., Suite 600 |
| 1300 I St. NW, Suite 900 | Chicago, IL 60604 |
| Washington, DC 20005 | 312-660-1370 |
| 202-538-8000 | kzwick@heartlandalliance.org |
| tylerwhitmer@quinnemanuel.com | mfleming@heartlandalliance.org |
| deepaacharya@quinnemaneul.com | dheckman@heartlandalliance.org |
| carlspilly@quinnemanuel.com | |
| brianmcgrail@quinnemanuel.com | Jamie Crook (D.C. Bar No. 1002504) |
| | Annie Daher |
| Nicholas A. S. Hoy | CENTER FOR GENDER & REFUGEE STUDIES |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 200 McAllister St. |
| 51 Madison Ave., 22nd Floor | San Francisco, CA 94102 |
| New York, NY 10010 | 415-565-4877 |
| 212-849-7000 | crookjamie@uchastings.edu |
| nicholashoy@quinnemanuel.com | daherannie@uchastings.edu |
| | |
| | Scott Shuchart (D.C. Bar No. 1531377)** |
| | KIDS IN NEED OF DEFENSE |
| Julie Carpenter (D.C. Bar No. 418768)*** | 1201 L St., NW, Floor 2 |
| Richard Caldarone*** | Washington, DC 20005 |
| TAHIRIH JUSTICE CENTER | 202-318-0595 |
| 6400 Arlington Blvd., Suite 400 | sshuchart@supportkind.org |
| Falls Church, VA 22042 | |
| 571-282-6161 | Wendy Wylegala** |
| richardc@tahirih.org | KIDS IN NEED OF DEFENSE |
| juliec@tahirih.org | 252 West 37th Street, Floor 15 |
| | New York, NY 10018 |
| | 646-970-2913 |
| * Certification to practice pursuant to LCvR 83.2(g) to be submitted | wwylegala@supportkind.org |
| | |
| ** Counsel for Individual Plaintiffs only | Counsel for Plaintiffs |
| | |
| *** Counsel for Tahirih Justice Center only | |

6